UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LIONEL ALAMOND**                             **CASE NO.  2:22-CV-05840**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE INSURANCE CO ET AL**                **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b)" (Doc. 11), wherein Defendant Allstate Insurance Company ("Allstate") moves to dismiss this lawsuit because Plaintiff has failed to comply with this Court's Hurricane Case Management Order ("CMO") and Order of this Court. No opposition was filed to respond to the Motion and the time for doing so has lapsed.

## BACKGROUND

This lawsuit involves alleged damage to Plaintiff, Lionel Alamond's property located in Vinton, Louisiana, as a result of Hurricane Laura on August 27, 2020.[1] Plaintiff complains that he was underpaid for the damages to his home, and also alleges bad faith damages. Defendant, Allstate issued the policy of insurance during the relevant time period and timely answered the lawsuit.[2]

The Court issued a CMO to govern this hurricane lawsuit, which provided protocol for expediated discovery and streamlined settlement conferences and mediation protocols.[3]

---

[1] Doc. 1-1.
[2] Doc. 7.
[3] Doc. 3.

Defendant asserts that it timely provided its initial disclosures, but despite repeated requests and orders of this Court, as of June 26, 2024, no information related to Plaintiff's claim has been provided. Defendant also asserts that Plaintiff has failed to participate in scheduled mediations, and or to reschedule cancelled mediations.[4] Defendant with the help of Deputy Special Master Patrick Hron was finally able to schedule a mediation for July 10, 2024, however, as of June 26, 2024, Allstate had not received Plaintiff's initial disclosures, nor had it received an updated estimate, settlement demand, or any substantive documentation relevant to Plaintiff's claim. Allstate remarks that Plaintiff's initial disclosures were due over 550 days prior to June 26, 2024.

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed. R. Civ. P. 41(b). Fed. R. Civ. P. 41 provides in part:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The authority to dismiss an action under Rule 41(b) is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 320–21 (5th Cir. 1982). The Fifth Circuit has found the dismissal of a Plaintiff who fails to follow a CMO to be proper where (1) "there is 'a clear

---

[4] See Defendant's email correspondence in exhibits 1-6.

record of delay or contumacious conduct by the plaintiff" and (2) "lesser sanctions would not have 'serve[d] the best interests of justice." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020) (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 235, 236 (5th Cir. 2018).

The alleged damages in this lawsuit occurred four years ago. This case was removed to this Court on November 1, 2022, and Plaintiff has failed to comply with any of the Court's orders as indicated in the email correspondence submitted by Allstate. The instant motion was filed on July 26, 2024, and a Notice of Motion Setting was issued that same day setting the briefing deadlines. Again, Plaintiff has failed to respond and prosecute his claims. As such, the Court agrees with Allstate that the suit should be dismissed for failure to prosecute.

## **CONCLUSION**

For the reasons explained herein, the Court will grant the Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Doc. 11), filed by Defendant Allstate Insurance Company, and dismiss the lawsuit at Plaintiff's costs.

**THUS DONE AND SIGNED** in Chambers on this 30th day of August, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**